THE MAYOR AND CITY COUNCIL OF BALTIMORE, and HENRY S. TAYLOR, Collector *vs.* THOMAS H. HANSON, and others.

*Ordinance No. 119, of 1874, of the Mayor, &c., of Baltimore, providing for Regrading, repaving and recurbing Liberty street, between Lexington and Camden streets—Resolution No. 285, of 1875—Character of Ordinance, as authorizing the Improvement for the general Public convenience, or for Local benefits to the Owners of Adjoining property—Demurrer—Injunction.*

Ordinance No. 119, of 1874, provided for the regrading, repaving and recurbing of Liberty street in the City of Baltimore, between Lexington and Camden streets, and directed that the cost of the same should be " assessed on the property bounding thereon." After the work under the Ordinance had in fact been commenced, but which had been suspended in consequence of some legal question arising as to the assessments, the Mayor and City Council passed Resolution No. 285, of 1875, which asserted that " public necessity requires that those streets should be placed in a proper condition for business and for purposes of drainage, and that further procrastination of the work of improvement will *operate to the material injury of business on the line of the street proposed to be improved*, and interfere materially with the public convenience." The improvement was thereupon proceeded with and completed, and the owners of property along the line of such improvement were assessed to pay the expenses. A bill was filed by certain of said owners to restrain the Mayor and City Council from enforcing the collection of such assessments, upon the ground that the Ordinance was passed because the *public convenience* required it, as declared by the subsequent resolution, and consequently the expenses of the improvement should be paid exclusively from the public treasury. On demurrer to the bill it was HELD :

1st. That the *resolution* was not intended to characterize the Ordinance, but simply to declare a reason for proceeding with the work, the reason being that there was a public convenience involved in the condition of the street.

2nd. That the Ordinance being silent upon the subject of the interests or benefits to be subserved, it was to be presumed that it contemplated local benefits to the owners of adjoining property, as well as the general public convenience.

3rd. That the resolution fully recognized the local interests, when it declared that the delay " operated to the material injury of business on the line of the street proposed to be improved."

4th. That the validity of the local assessments made under the Ordinance upon the property along the line of the improvements, was not affected by the resolution, and the collection of such assessments could properly be enforced.

If an ordinance providing for the opening or improving a street, declares in terms that the improvement is for the *general public benefit or convenience*, without anything more, it will be presumed that the ordinance was enacted with an exclusive reference to the general public convenience, and with no reference whatever to local benefits to owners of adjoining property; and therefore the cost of the improvement should be borne exclusively from the public treasury. But if the ordinance be silent upon the subject of the interests or benefits to be subserved, the presumption will be made that it contemplated local benefits as well as the general public convenience.

APPEAL from the Circuit Court of Baltimore City.

Under Ordinance No. 119 of 1874 of the Mayor and City Council of Baltimore, Liberty street, between Lexington and Camden streets, was regraded, repaved and recurbed. The appellees, who owned property fronting on Liberty street, between the designated limits, were assessed according to the well established practice in such cases, for the expense of the work, and on the 16th of May, 1883, filed their bill to restrain, by injunction, the collection of such assessments, alleging that the Ordinance in question, which was approved November 5th, 1874, taken in connection with resolution No. 285, approved May 14th, 1875, was void, so far as it attempted to authorize the imposition upon them of such special assessments. The defendants demurred to the bill, but the de-

murrer was overruled by the Court (BROWN, J.,) and the injunction granted as prayed. From the order overruling the demurrer the defendants appealed.

The cause was argued before ALVEY, C. J., STONE, ROBIN-SON, IRVING, RITCHIE, and BRYAN, J.

· *I. Parker Veazey, City Solicitor,* and *John Prentiss Poe, City Counsellor,* for the appellants.

*Samuel Snowden,* for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

The Ordinance No. 119 of 1874, which provided for the regrading, repaving and recurbing of Liberty street in the City of Baltimore, between Lexington and Camden streets, is conceded to be free from valid objection, if it stood alone. Apart from the resolution of the City Council subsequently passed, in reference to the progress of the work, there could, according to the decisions of this Court, be no valid objection to the local assessments made upon the property along the line of the improvement. Upon the form and terms of the ordinance the legal presumption would be that the improvement was intended for local benefit and advantage, as well as for the general public convenience; hence the property along the line of the improvement would be liable to assessment. *Burns' Case,* 48 *Md.,* 198. But it is alleged and insisted, that by the resolution of the City Council, No. 285 of 1875, passed a year after the ordinance, and after the work had in fact been commenced, but which had been suspended in consequence of some legal question arising as to the assessments authorized, a declaration was made as to the nature and objects of the ordinance which destroyed its validity, so far as it authorized assessments to be made upon adjoining property. We do not, however, agree in so construing the resolution in its bearing upon the ordinance.

The resolution is preceded by a long preamble setting forth the facts of the case, and the reason why the work had been suspended, and then it is resolved, while commending the course of the City Commissioner, that "public necessity requires that these streets should be placed in a proper condition for business and for purposes of drainage, and that further procrastination of the work of improvement will *operate to the material injury of business on the line of the street proposed to be improved,* and interfere materially with the public convenience." The street proposed to be improved is one of the established public thoroughfares of the city, and, of course, the public have an interest, and have a matter of convenience, involved in the condition of the street. Unless there be a public benefit in the use of the street, the city clearly would have no authority to improve it, and assess the cost, or any part of the cost, upon the property of the citizens along the line of such street. As is well and clearly said by Judge DILLON, (2 *Dill. Mun. Corp., sec.* 752, *note,*) "In order to justify an assessment, the improvement must be for a public purpose, since the public have no right to tax a citizen to make improvements for his own benefit solely. All streets which are opened for public use are public benefits, and it is upon that ground *only* that the State can take private property for streets; but the cost of opening and improving them is assessed on adjoining owners on the ground of *private benefit.*" And this is the precise ground upon which the power of assessment is placed by this Court, in *Alexander & Wilson vs. City of Baltimore,* 5 *Gill,* 383.

If the ordinance providing for the opening or improving a street declares in terms that the improvement is for the *general public benefit or convenience,* without anything more, the presumption will be made that the ordinance was enacted with an exclusive reference to the general public convenience, and with no reference whatever to

Mayor, &c., of Baltimore *vs.* Hanson, *et al.*

local benefits to owners of adjoining property; and there-fore the cost of the improvement should be borne exclu-sively from the public treasury. This is the principle of the case of *Burns in* 48 *Md.*, 198. But if the ordinance is silent upon the subject of the interests or benefits to be subserved, the presumption is indulged that it contem-plated local benefits as well as the general public con-venience. And that is the form of the ordinance in this. case. The subsequent resolution was not intended to characterize the ordinance, but simply to declare a reason for proceeding with the work, the reason being that there was a public convenience involved in the condition of the street. The resolution fully recognized the local interests,. when it declared that the delay "operated to the material injury of business on the line of the street proposed to be improved." It is in the facility offered to business along the line of the improvement that local benefits largely consist.

We discover nothing in the bill to entitle the com-plainants to an injunction, and we think the demurrer interposed by the city should have been sustained, and the bill dismissed. We shall therefore reverse the order appealed from, and dismiss the bill with costs.

*Order reversed, and*
*bill dismissed.*

(Decided 26th March, 1884.)