## THE MAYOR AND COMMON COUNCIL OF HYATTSVILLE AND OTHERS *vs.* MARY SMITH AND OTHERS.

*Highways and Streets—Assessment of Cost of Constructing Side-walks Upon Abutting Owners—Validity of Statute—Assessment for both Private and Public Benefit—Presumption as to Notice—Appeal.*

An appeal lies from an order overruling a demurrer to the bill of complaint.

When a bill to enjoin the collection of an assessment for paving does not allege that notice of the assessment was not given to the persons assessed, it will be presumed that proper notice was given.

The Act of 1906, ch. 113, which authorized a municipal corporation to construct sidewalks of brick, cement or other material, as it might determine to be necessary for the public benefit, and to assess the cost upon the abutting land owners to be collected as other taxes, is valid and constitutional, since the assessment is for a public purpose, and its imposition upon the abutting owners is justifiable upon the ground that they derive a special benefit or advantage from the improvement over and above that which other property owners in the municipality receive.

The fact that a statute authorizing the assessment of the cost of constructing sidewalks upon abutting owners declares that the sidewalks are to be constructed when the municipality determines the same to be necessary for the public benefit, does not show that the Legislature designed the work to be done for the public benefit exclusively, but the presumption is that local benefits were contemplated as well as the general public convenience.

An assessment upon abutting owners of the cost of paving a sidewalk is valid when the public benefit as well as local advantage to such owners is the object of the improvement.

Under a statute authorizing a municipality to construct sidewalks and to assess the cost upon the owners of lots fronting on the streets, an assessment upon the owners according to the number of front feet in their lots is just and fair.

*Decided March 1st, 1907.*

Appeal from the Circuit Court for Prince George's County (MERRICK, J.)

The cause was argued before BRISCOE, BOYD, PEARCE, SCHMUCKER, BURKE and ROGERS, JJ.

*Marion Duckett* and *Robert W. Wells*, for the appellants.

*James C. Rogers* and *F. Snowden Hill*, for the appellees.

BURKE, J., delivered the opinion of the Court.

The appellees are the owners of four lots of ground numbered respectively 11, 12, 13 and 14 in block "B" in the town of Hyattsville in Prince George's County, Maryland. Each of said lots has a frontage of 45 feet on the north side of Johnson avenue between Maryland avenue and Wine avenue. Johnson avenue is one of the public streets of the town. Two of these lots are owned by Mary Smith; one by Rufus L. B. Clark; and one by Mary D. Sutton. The appellant is a municipal corporation, and in the year 1906 passed an ordinance providing for the laying of a new cement sidewalk upon the part of the north side of Johnson avenue, which lies between Maryland avenue and Wine avenue, to replace a sidewalk then existing but which was then in a bad condition. This old sidewalk had been constructed in 1895 by the Commissioners of Hyattsville, a corporation, of which the appellant is the successor. In the month of September, 1906, the appellant caused the old sidewalk to be torn up, and a new cement sidewalk to be laid in its place, and in October, 1906, assessed against each of the appellees' lots the sum of sixty and a half cents per front foot as its proportion of the total cost of said new cement sidewalk, which assessment, constituted under the terms of the Act which will be hereafter referred to and considered, a lien upon the lots, and collectible by the municipality. No request was made by either of the appellees to the appellant to lay the sidewalk, nor has either assumed, or promised to pay the cost of its construction, or any part thereof. The total cost of laying the sidewalk was $604.55, and the appel-

lant has assessed against the lots on the North side of John-
son avenue fronting the sidewalk the cost of its construction
in the proportion that their respective number of front feet
bears to the total cost, and by this method, or rule of assess-
ment the sum payable by Mary Smith is $54.45; by Rufus
L. B. Clark $27.22½ cents; and by Mary D. Sutton $27.22½
cents.

The Mayor and Common Council of Hyattsville claims the
right to make these assessments, and to collect the same from
the appellees under the authority of Chapter 113 of the Acts
of Assembly of 1906. The bill in this case was filed to re-
strain the collection of each of said assessments, and for a
decree declaring the assessments to be null and void. The
grounds upon which this relief was asked are stated in the 6th,
7th and 8th paragraphs of the bill, and are as follows:

"6. That said Mayor and Common Council of Hyattsville
has not authority to assess against each of your complainants
said lot or lots a proportion of the total cost of said new ce-
ment sidewalk based on the front feet of his or her said lot or
lots, or collect the same of your complainants as aforesaid.

7. That said Mayor and Common Council of Hyattsville
had no authority under section 22 of chapter 113, Acts of
1906, or any other law, either to repave said Johnson avenue
as aforesaid, or collect the whole cost of said repaving from
the owners of lots fronting the same, and on the north side of
said Johnson avenue, or assess the same against their said lots
as aforesaid, and said collection from each of the plaintiffs
therein and assessments against his or her said lot or lots as
aforesaid is illegal and void.                    :

8. That said section 22 of chapter 113 of the Acts of 1906
is unconstitutional and void, being in conflict with the Bill of
Rights and Constitution of the State of Maryland, especially
with sections 15 and 23 of said bill of rights; and each of said
assessments is illegal and void."

A preliminary injunction was issued as prayed. The ap-
pellant demurred to the whole bill, which demurrer the Court
overruled and required the appellant to answer the bill within

ten·days. From the order of the Court overruling the de-
murrer, the Mayor and Common Council of Hyattsville has
brought this appeal. A motion has been made to dismiss the
appeal, because no appeal is allowed from an order overruling
a demurrer to the entire bill of complaint. That such an
order is in the nature of a final decree from which a party has
a right of appeal has been settled by the cases of *Chappell* v.
*Funk*, 57 Md. 465, and *Hecht and Colqhuon*, 57 Md. 562. The
appellees rely in support of their motion upon the cases of
*Cunniugham* v. *The Board of School Commissioners*, 93 Md.
738; *State* v. *Tagg*, 100 Md. 588, and *McNeice* v. *Eliason*, 78
Md. 175. Neither of these cases support their motion, nor
modify or change in any manner the ruling on this point in
the cases of *Chappell* v. *Hecht, supra*. In the *Cunningham case*
the appeal was from the *opinion* of the Court; in *Tagg's case*
a demurrer to an indictment had been sustained, but there was
no judgment on the demurrer in favor of the defendant, and
in 'the *McNeice case* the Court held that an appeal would lie
to this Court from an order sustaining the demurrer to the
entire bill. The motion to dismiss will, therefore, be over-
ruled.

2. We will now consider the main and important question
presented by the appeal which is this : Is the 22nd section of
chapter 113 of the Acts of 1906 unconstitutional as alleged
by the appellees. That section is in the following words:
"Section 22: And be it enacted that the Mayor and Common
Council shall cause to be constructed, as they may determine
necessary for the public benefit, sidewalks in any of the
streets of said town not less than four feet in width, of brick,
cement, concrete, or other material, and shall assess upon the
land abutting said sidewalks the cost thereof, which assessment
shall be a lien upon such abutting property, to be assessed at
such time as the Mayor and Common Council may determine,
and to be recovered from the owners of such abutting prop-
erty by said Mayor and Common Council as taxes due the
corporation of Hyattsville are collected; the Mayor and
Common Council shall have power to make all necessary

regulations as to the notice of such assessments to property owners."

The bill is silent upon the question of notice, and in the absence of all allegations upon that subject, upon the presumption as to the regularity and validity of all governmental acts, it must be assumed that proper notice had been given.

JUDGE COOLEY, in the case of the *People* v. *Salem*, 20 Mich. 473, said that in order to render valid a burden imposed by the Legislature under the exercise of the power of taxation, the following requisites must appear:

1. It must be imposed for a public, and not for a mere private purpose. Taxation is a mode of raising revenue for public purposes only, and, as is said in some of the cases, when it is prostituted to objects in no way connected with the public interest or welfare, it ceases to be taxation and becomes plunder.

2. The tax must be laid according to some rule of apportionment, not arbitrarily or by caprice, but so that the burden may be made to fall with something like impartiality upon the persons, or property upon which it justly and equitably should rest. A State burden is not to be imposed upon any territory smaller than the whole State, nor is the county burden upon any territory smaller, or greater than the county. Equality in the imposition of the burden is of the very essence of the power itself, and though absolute equality and absolute justice are never attainable, the adoption of some rule leading to that end is indispensable.

3. As a corollary from the preceding, if the tax is imposed upon one of the mnnicipal subdivisions of the State only, the purpose must not only be a public purpose, as regards the people of that subdivision, but it must also be local, that is to say, the people of that municipality must have a special and peculiar interest in the object to be accomplished, which will make it just, proper and equitable that they should bear the burden rather than the State at large, or any more considerable portion of the State.

4. To these propositions, which are stated by JUDGE COOLEY

to be fundamental maxims in the law of taxation, two others, which have been long and firmly fixed in the law of this State, may be added: first, that the Legislature has the power of taxing particular districts for local benefits or improvements; and secondly to authorize a municipal corporation to open, grade, pave, curb, &c., any street, or part of a street, and to assess the cost of doing such work upon the property binding on such street, or part thereof, and that in the absence of any declaration of intent to the contrary, the presumption would be that the Legislature considered that the purpose for which the tax or assessment was levied was a public purpose, and that the improvement would enure to the special benefit and advantage of the adjacent owner upon whose property the assessment is laid. The propositions were declared in the cases of *Mayor* v. *Moore & Johnson*, 6 H. & J. 375; *Mayor* v. *Howard*, 6 H. & J. 383; *Burns* v. *Mayor, &c.*, 48 Md. 198; *Mayor* v. *Hanson*, 61 Md. 462; *Mayor* v. *Hopkins Hospital*, 56 Md. 28.

In *Burns* v. *Mayor, &c., supra*, the Court said that the theory and foundation of all previous legislation imposing these special assessments for improvements of this character upon the owners of adjacent property, is that the improvement is for their benefit, and that they derive such an advantage from it, in the enhanced value of their property, over and above what is conferred upon the public at large, that it is just that they should be specially assessed therefor, and on *this ground* the validity of such laws has been sustained. There is an obvious distinction between the public purpose, the existence of which in the particular case is essential to the exercise of the taxing power, and the special advantages which will accrue to the adjacent owner by reason of the improvement. The one concerns the *general public interest or welfare;* the other the *private benefit* to the individual owner over and above that which he would receive from the improvements as a member of the State, municipality, or taxing district in which he may reside.

CHIEF JUDGE ALVEY, in *Baltimore* v. *Hanson, supra*, said: "Unless there be a public benefit in the use of the street, the

city clearly would have no authority to improve it, and assess the cost, or any part of the cost, upon the property of the citizens along the line of such street.   As is well and clearly said by JUDGE DILLON (2 *Dillon, Mun. Corp.*, sec. 752, note). 'In order to justify an assessment, the improvement must be. for a public purpose, since the public have no right to tax a citizen to make improvements for his own benefit solely.   All streets which are opened for public use are public benefits, and it is upon that ground *only* that the State can take private property for streets; but the cost of opening and improving them is assessed on adjoining owners on the ground of *private benefit.*   And this is the precise ground upon which the power of assessment is placed by this Court, in *Alexander and Wilson v. City of Baltimore,* 5 Gill, 383.' "

When the provisions of sec. 22, ch. 113, of the Act of 1906, are examined in the light of these principles it would seem to be entirely free of any valid objection against its constitutionality.   By that section, which has been hereinbefore quoted in full, the appellant was authorized to construct *sidewalks*, "not less than four feet in width of brick, concrete, cement, or other materials."   It then provided that when the appellant should have determined the condition under which the sidewalks should be constructed, viz, when it should determine that a sidewalk was necessary for a public benefit, it should "assess upon the land abutting said sidewalk, the cost thereof, which assessment shall be a lien upon such abutting property."

It is argued upon the part of the appellees and that by the use of the language employed in this section the Legislature intended that this sidewalk should be constructed for the sole and exclusive benefit of the general public convenience and interest of the people in Hyattsville, and "with no reference whatever to local benefits to owners of adjoining property; and therefore that the cost of the improvement should be borne exclusively from the public treasury."   *Hanson's case,* 61 Md. 466.   It is apparent from what we have said that we cannot agree to this contention.   We cannot impute to the Legisla-

ture an intention to impose upon the adjacent property holders the cost of making an improvement in which they had no benefit distinct from that of the general public. Such an act would be so unjust and oppressive that it cannot be supposed to have been within the contemplation of the law making body, unless it clearly appears that such was its intention. This Act is silent upon the subject of special interests and advantages, and the presumption is that the law makers "contemplated local benefits as well as the general public convenience." The special assessment is not void because the improvement is determined to be necessary for the public benefit.

. The construction we have given this Act has the support, not only of the Maryland cases to which we have referred, but also of well considered cases in other States, among which we may refer to *Sears* v. *Street Commissioners*, 180 Mass. 274; *Rogers* v. *City of St. Paul*, 20 Minn. 498. In *Sears case*, *supra*, the Court said: "The fact that the improvement is for a public purpose is no objection to the tax. *Harvard College* v. *Aldermen of Boston*, 104 Mass. 470, 486; *Lincoln* v. *Street Commissioners*, 176 Mass. 210, 213, 214. To invalidate the betterment assessment the general public benefit must be the only result of the improvement. Such a change (in the streets) may have a double aspect of general public benefit, and also of peculiar local advantage. *Gleason* v. *Waukesha County*, 103 Wis. 225, 237. It is suggested, to be sure, that the special benefits cannot be made the basis of a tax when they are only incidental and not the object to which the improvement was directed. But we see nothing in the Constitution to prevent it, or to make the power of the Legislature depend upon which of two resultant advantages is especially before its mind when it makes a change in the streets. In this case, plainly it contemplates the improving of the petitioners' land as it provided for making them pay their share of the cost of the improvement."

The facts of the cases of *Mayor* v. *Moore*, 6 H. & J, 375; *Burns* v. *Mayor, &c.*, 48 Md. 198; *Mayor* v. *Hanson*, 61 Md. 462, upon which the appellees mainly rely to sustain the order

of the lower Court, are wholly dissimilar to the facts in this case. No question of the constitutionality of an Act of Assembly was presented in either of those cases. The questions before the Court in all of those cases related to the validity of certain ordinances of the Mayor and City Council of Baltimore authorizing the paving of streets. The conclusion we have reached is in entire accord with the principles announced in those cases.

We accordingly decide that section 22 of chapter 113 of the Act of 1906, under which the improvement in question was made, is valid, and that the rule of apportionment of the cost of the improvement adopted by the appellants was fair, just and equitable. It follows that the order appealed against must be reversed, and the bill dismissed.

*Order reversed, and bill dismissed with costs.*