## THE MAYOR AND CITY COUNCIL OF BALTIMORE ET AL. *vs.* JOHN S. GITTINGS, TRUSTEE.

*Taxation—Increase of Assessment on Land Decreed to be Sold in Equity—Notice of Proposed Increase of Assessment—Remedy by Appeal.*

The Appeal Tax Court of Baltimore City has the power to increase the assessment on land after a Court of Equity has passed a decree directing the sale of the land and appointing a trustee to make the same, but before a sale has been actually made. In such case, no sale of any part of the land for taxes could be made without the permission of the Equity Court. but that permission is not necessary for the making of an increase in the assessment.

A tract of land was owned by a tenant for life with remainder to his issue. Under a decree of a Court of Equity he was appointed trustee to sell the land. Before a sale was made, a notice was served on him individually, stating that the Appeal Tax Court would increase the assessment of the land at a certain time in the future. He then filed the bill in this case asking that the Tax Court be enjoined from increasing the assessment. The Act of 1908, Chap. 167, provides that any person aggrieved because of any assessment of his property may appeal to the Baltimore City Court to review the same; that that Court shall ascertain the proper assessment, and that the proceedings of the Tax Court shall not be declared void, provided due notice thereof shall have been given. *Held,* that although the notice in this case was addressed to the plaintiff personally and not as trustee, yet he was thereby informed of the increase proposed to be made in the assessment, and that since he had a complete remedy by appeal to the City Court, he is not entitled to apply to a Court of Equity.

*Decided April 1st, 1910.*

Appeal from the Circuit Court of Baltimore City (HEUIS-LER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*W. H. DeC. Wright* (with whom was *Edgar Allan Poe* on the brief), for the appellants.

*J. J. Alexander* and *Chas. W. Nash,* for the appellee, submitted the cause on their brief.

PATTISON, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Baltimore City overruling a demurrer to a bill of complaint

filed by the appellant, John S. Gittings, trustee, against the appellee, the Mayor and City Council of Baltimore.

The bill alleges that the plaintiff was seized and possessed for the term of his natural life with remainder to his issue, of a farm known as "Ashburton," containing three hundred and fifty acres of land, more or less, which, prior to the Act of 1888, Chapter 98, was situated in Baltimore County, but under said Act was brought within the limits of Baltimore City, and while being so seized and possessed of his estate in said lands he, on the seventh day of November, 1904, filed, in the Circuit Court for Baltimore City, his bill against the remaindermen, asking for the sale of said property. On the 24th of January, 1905, a decree was passed for the sale of said lands, by which John S. Gittings was appointed trustee to make sale thereof, and he thereupon accepted the trust and filed his bond with security, as required by said decree.

The bill further alleges that he, as trustee, applied himself for a long time to bring about a sale of said property and a short while before the institution of these proceedings, sold 44-18/100 acres at the rate of $2,125 per acre, which price, in a certain contingency, is to be reduced to $2,000 per acre. The sale was duly reported and was awaiting ratification at the time of the filing of the bill in this case.

It is further alleged that the plaintiff received a notice which is filed as an exhibit, addressed to him individually and not as trustee, signed by J. H. M. Payne, chief assessor, for and on behalf of the Appeal Tax Court, notifying him of its purpose and intention to reassess, for the year 1909, the aforementioned property; that the assessment, which at the time of the notice was $221,400 (about $632 per acre) be increased to $381,544 (about $1,100 per acre). The notice likewise stated that the decision of the Appeal Tax Court would be entered on the books of the Tax Department on October 1st, 1909, with the right of appeal within thirty days thereafter to the Baltimore City Court.

The bill further alleges, in substance, that inasmuch as the Circuit Court had taken jurisdiction and control of this

land, under the proceedings in the case of *John S. Gittings* v. *Henry May Gittings* and others, first above referred to, the defendant, the Mayor and City Council of Baltimore, or the defendants who constitute the said Appeal Tax Court, are not authorized by law to interfere in any way with said jurisdiction and control of that Court over the same, and that it is not competent for the said defendants to increase the assessment upon the said property without the leave of that Court first had and obtained, nor to take away from that Court the power of judging of the value of said property and transfer the same to themselves.   That the defendant, the Mayor and City Council of Baltimore, cannot collect any taxes on said property without the leave of this Court, and that he is advised that neither it nor the other defendants can take any steps preliminary to the imposition or collection of such taxes without the leave of that Court.

The bill alleges that the land is a large parcel of rural property one-half of a square mile in area of different and unequal values, and is now and has always been used for agricultural purposes; that it would be impossible, without a great sacrifice, to bring the whole of said property into the market and dispose of it in its entirety; that the trustee has now made a beginning in disposing of it and has reasonable expectation of selling more to advantage.

It is further alleged in the bill that under the Act of 1908, Chapter 286, the defendants, the Appeal Tax Court, are directed to divide up and classify the real and leasehold property situated in the so-called Annexed District, and that this classification must precede any assessment of said property, and charges that no such division or classification of said property has been made by said Appeal Tax Court, if so, he had received no notice thereof.   That the said farm is in many places rough and rugged and intersected with deep ravines or rising and difficult hills, and that such parts demanded the expenditure of large sums of money before they could become urban or even suburban property; that the farm is intersected by the tracks of the Western Maryland

Railroad Company, which considerably diminishes its value; and alleges that the amount of the assessment now imposed on said farm is its full value and any increase of such value would be unjust, unfair and unequal between the different parts of said property and adjoining lands whether in the annex or in Baltimore County. That this property was assessed at its present assessment about five years ago, and its value has not only not increased in that time from the amount of the present assessment, $221,400 to $381,544, as now suggested by the said defendants, the Judges of the Appeal Tax Court, but has not increased at all.

The bill further alleges that the plaintiff is advised that the said notice of assessment is null and void, not only for the reasons hereinbefore given, but because it is irregular in every respect.

The bill then prays that the defendants be enjoined and prohibited from taking any steps to increase and from increasing the assessment on the property above the present assessment and from issuing to the plaintiff any notice or notices of any intended increased assessment above its present assessment.

No order was passed on this bill, and the appellants demurred thereto upon the ground: First. That the plaintiff has not stated in his bill such a case as entitles him to relief in a Court of Equity against the defendants. Second. That the plaintiff has a full, complete and adequate remedy at law. The demurrer was overruled, and from the order overruling it, this appeal is taken.

This appeal presents practically but two questions for our consideraton: First. Has the Appeal Tax Court the authority to increase the assessment upon this property while it is under the control and jurisdiction of the Court of Equity acquired under the proceedings instituted for its sale in the case of *Gittings* v. *Gittings, supra?* Second. Has the plaintiff, for the redress of the wrongs complained of, a full, complete and adequate remedy at law?

The plaintiff contends that while the property is in the Court of Equity, under the proceedings instituted for the sale thereof any attempt on the part of the Appeal Tax Court to increase the assessment thereon is an illegal interference with the jurisdiction of that Court, and in support of his contention relies upon the case of the *County Commissioners of Prince George's County, etc.,* v. *Clarke and Berry,* 36 Md. 545.

It will be found upon examination of this case, that the facts therein differ widely from those in the present case. In that case, a creditor's bill was filed for the sale of the real estate upon which a decree was passed and under it a sale was thereafter made by the trustees therein appointed. After the sale and while the question of its ratification was pending, the collector of taxes sold a portion of the land for taxes and reported his sale to the same Court. Exceptions were taken to the ratification of this tax sale and it was upon those exceptions that the case came to this Court.

The question there presented was, whether, after a decree has been passed by a Court of Equity for the sale of real estate and trustees have been appointed to make such sale, a collector of taxes has the power to seize and sell the same or any part thereof, for taxes. In that case this Court held that "Under these circumstances it was not admissible for a collector to step in, and by a summary distress and sale divest the Court of its jurisdiction, and *transfer the question of title to another tribunal.* His plain and obvious duty was to apply to the Court for the payment of the taxes due, and as they had full power, the presumption is, that they would have directed their payment through their agents, the trustees, in a manner that would have occasioned no unnecessary delay, while at the same time the rights of all interested would have been properly protected."

In this case, the Appeal Tax Court has made no effort to divest the Equity Court of its jurisdiction or to transfer the question of title from it to another tribunal, but has, for the purpose of taxation, attempted to increase the assessment

now upon this property to an amount commensurate with its increased value. The Appeal Tax Court has taken no steps to sell the land for taxes, but merely to increase the basis of taxation upon which the taxes levied in the future are to be computed, and when the amount of taxes owing thereon has been so ascertained, such taxes thereafter, while the land is under the control and jurisdiction of the Court of Equity, are to be collected in the manner and method pointed out by this Court in the case of the *County Commissioners of Prince George's County* v. *Clark and Berry, supra*. Nor has the Appeal Tax Court, in the attempted exercise of its special jurisdiction conferred upon it by statute in anywise encroached upon or interfered with the Court of Equity in the exercise of its jurisdiction.

The suit instituted by the plaintiff against the remainder-men for the sale of this property, containing three hundred and fifty acres, originated on the seventh day of November, 1904, and on the twenty-fourth of January following a decree was passed, but not until a short while before the filing of his bill in this case, in July, 1908, did he, after much effort on his part, sell any of the lands so decreed to be sold, and then disposed of but 44-18/100 acres. With no greater progress in the disposition of this land, it will be many years before the whole thereof is disposed of.

We are therefore of the opinion that the action taken by the Appeal Tax Court to increase the assessment upon this property, if increasing in value as contended, was well and timely directed. For the reasons assigned, we do not think it was at all necessary that the permission of the Equity Court should first have been obtained by the Appeal Tax Court before it undertook to increase the assessment upon this property.

Having disposed of the first question presented by this appeal in the manner we have, we now have no difficulty in disposing of the second question presented by it.

By the Act of 1908, Chapter 167, it is provided, that any person aggrieved because of any assessment or classification

made by the Appeal Tax Court, may, within thirty days after such assessment or classification has been made, by petition, appeal to the Baltimore City Court to review such assessment or classification. "The said Baltimore City Court shall have full power to hear, and fully examine the subject and decide on said appeals. The person appealing to the said Baltimore City Court shall have a trial before the Court without the intervention of a jury, and the Court sitting without a jury shall hear the case *de novo* and shall ascertain and decide on the proper assessment or classification of the property for the year involved in the appeal; and neither the action, nor the record of the proceedings, of the Judges of the Appeal Tax Court in the premises shall be held to be, or declared void for any reason whatsoever, provided due notice of the proceedings shall have been given to the parties entitled by said Judges of said Appeal Tax Court; and the said Baltimore City Court shall assess anew, or classify anew, as the case may be, the property forming the subject of the appeal; provided, however, that in the absence of any affirmative evidence to the contrary, the assessment or classification appealed from shall be affirmed."

Whatever objection may be urged against the sufficiency of the notice given by the assessor, on the part of the Appeal Tax Court, to the appellee in this case, notifying him of the intention of that Court to increase the assessment upon the lands named in the notice it cannot be said that this notice was no notice at all. Although the notice was addressed individually to the appellee and not as trustee, nevertheless by it, he, serving in any capacity, was informed of the contemplated increased assessment to be made by the Appeal Tax Court upon the property mentioned in the notice. He was not only the life tenant of the land, but was also, as trustee, the agent of the Court in respect to the land, and in our opinion he was the proper person to whom the notice should have been addressed.

The objections urged against these proceedings instituted on the part of the Appeal Tax Court to increase the assess-

ment upon this property, amount only to alleged irregular-ities in such proceedings and could properly have been re-viewed by the Baltimore City Court upon appeal. "It is too well settled to admit of further discussion that a Court of Equity cannot undertake the decision of questions which the law has confided to another tribunal especially designated to adjudicate them." *Friedenwald* v. *Shipley,* 74 Md. 224.

It is needless for us to prolong our opinion by a further discussion of the authorities of this Court sustaining our view as to this proposition. This Court has so declared through a long line of decisions, ending with the case of the *Owners Realty Company* v. *The Mayor and City Council of Baltimore,* recently decided by this Court, 112 *Md.* 477.

From what we have said, it follows that the Court below erred in overruling the demurrer filed in this case. We will therefore reverse the order of the lower Court in overruling the demurrer.

> *Order reversed and bill dismissed, with costs below and above to the appellants.*