## CIRCUIT COURT OF BALTIMORE CITY.

Filed January 6, 1913.

PHILIP WAGNER, INC., ET AL.,
VS.
OSCAR LESER AND OTHERS, JUDGES OF THE APPEAL TAX COURT, AND JACOB W. HOOK, TAX COLLECTOR.

*John H. Richardson, George Washington Williams, Niles and Wolff* for complainants.

*S. S. Field* for defendant.

BOND, J.—

Upon the averments of the bill of complaint and of the petition of the Safe Deposit and Trust Company, trustee, an additional party plaintiff, it appears that the plaintiffs are owners of various pieces of real property in Baltimore City which abut upon streets paved at some time in the past, with smooth surfaces; and they pray that an injunction be issued to restrain the enforcement of the Act of Assembly of 1912, Chapter 688, which lays a special tax or assessment upon properties so situated. The assessment is attacked as in contravention of Article 15 of the Declaration of Rights of the Constitution of Maryland, and of the Fourteenth Amendment of the United States Constitution, especially of its inhibition against the deprivation of property without due process of law.

The demurrer, in the first place, denies any jurisdiction in this court to determine the questions raised, and to give the relief prayed in view of the jurisdiction given by the Act to the Court of law to hear and dispose of complaints of property owners. In the second place it controverts the conclusion that the assessment provided for is unconstitutional.

The objection to the jurisdiction, I find, it not a valid one. This is not a complaint of erroneous procedure or conclusions by the Appeal Tax Court acting under the statute. It is a complaint against the assessment fixed in the Act itself, without any power in the Appeal Tax Court or in the court of law on appeal to modify or depart from it. The validity of any proceeding at all with relation to the properties of the plaintiffs is denied.

Under the decisions of the Court of Appeals such a complaint appears to be one which this court must entertain.

Joesting vs. Baltimore, 97 Md., 589.

Wannenwetsch vs. Baltimore, 115 Md. 446.

Coming to the question of the constitutionality of the assessment, it is necessary, first, to determine clearly

the legal nature and purpose of the tax provided for.

The title of the Act states its purpose to be that of "levying a special paving tax upon property in Baltimore City specially benefitted by improved paving," the proceeds to go into and augment a fund provided by other Acts of Legislature for the paving of streets in the city. And in the body of the act the tax or assessment is described as a special paving tax upon property specially benefitted by improved paving, that is, "all landed property in Baltimore City adjoining or abutting upon any public highway which has been or shall hereafter be paved with improved paving without special assessment of any part of the cost upon the abutting or adjoining property owners by the City of Baltimore or the State Roads Commission, or other public commission or agency, or by both." All such property is expressly declared to be benefitted by such improved paving to an extent greater than the entire amount of the tax levied on them. Amounts varying with the width of the streets are fixed per front foot of abutting property.

A tax upon property, as is the one provided for here, must meet the requirements of general property taxation for the expenses of government, or it must be based upon some peculiar ground, justifying an exaction from special citizens or special properties of some contribution over and above their respective shares, in contribution to the general expenses of government.

Obviously this is not a property tax for the general expenses of government. It is not a proportionate contribution with other members of the community. And it does not meet the constitutional requirements of such a property tax. It is not based upon valuations of the properties, as required by Article 15 of the Declaration of Rights of the Maryland Constitution (Tyson vs. State, 28 Md., 577). And whereas such general property taxation is the exercise of a judicial function, necessitating, under the Fourteenth Amendment of the United States Constitution, notice and an opportunity to the property owner for a hearing on the charge before it becomes fixed, this statute itself fixes the charge upon all property coming within the given description, and leaves only the applicability of the description to the property as a possible subject of a hearing.

Ulman vs. Baltimore, 72 Md., 587.

Parson vs. District of Columbia, 170 U. S. 45.

And the language of the Statute, after all, excludes any such characterization of the tax. It disclaims any intention of levying other than a special tax grounded upon benefits accrued to the property owners by local improvements. That must be the character of the tax, I think, or it has no foundation at all.

Special assessments upon property based upon benefits from local improvements are familiar forms of public charges, and as ordinarily laid are beyond question lawful. But is this such an assessment? Is it in its relation to past improvements an assessment of that nature and purpose? The provision under consideration is a novel one; unique in the law, as far as I have found, except for a somewhat similar provision pointed out by the City Solicitor in an Act of the Maryland Legislature of 1782. To test it we shall have to recur to the principles upon which the usual special assessment has been based and justified.

There seems to have been, at an earlier time, some difference of opinion as to the place in our law of the familiar special assessment for local benefits. It was sometimes referred to the power of eminent domain, and again was described as an exercise of the police power. Still other authorities described it as a tax. The fact is that the practice of levying such an assessment upon making a public improvement existed long before constitutions, and the time when it became usual or necessary to fit governmental activities to governmental theories (1 Page & Jones on Taxation by Assessment, Secs. 21-27). And, having developed without reference to any classification, no great assistance is to be derived from the attempts made to classify it. All authorities now agree that it is laid in the exercise of the taxing power, in that the assessment, though special and limited in its nature, is an exaction by the sovereign of contributions by citizens to some expenses of the government. This has always been the view of the Maryland

Court of Appeals. But the exaction is of its own kind, in a class of itself alone, and wholly distinct from a property tax for general governmental expenses.

The most comprehensive definition given of it is that of 1 Page & Jones on Taxation by Assessment, Sec. 7:

"A local assessment levied on the theory of benefits may then be defined as an enforced involuntary charge, generally in money, though sometimes in the alternative in work and materials, imposed by competent political authority in order to raise funds to pay for part or all of an improvement of a public character whereby an especial local benefit has in the contemplation of the law been conferred upon certain property, in most cases, realty, but in some rare cases, personalty; imposed generally upon the property, but in some cases upon the owner thereof; and imposed in the contemplation of the law in return for such especial benefits, and in an amount not exceeding such benefits and apportioned according to the amount of such special benefits."

The opinions of the Court of Appeals in this state confirm this definition.

"No burden is imposed by it upon the person on whom it operates. It is a mere requisition, that the owners of property, the value of which is enhanced by the opening of the street, shall pay for the improvement in a ratio to the benefit derived from it."

Alexander vs. Mayor & C. C., 5 Gill 390 and 397.

Mayor, &c., of N. Y., 11 Johns, 77.

It is not included within the general exemption from "taxes or any imposition whatever."

Baltimore vs. Greenmount Cemetery Co., 7 Md., 517.

It need not be confined to property within the city limits. Being a contribution not to the expenses of local government, but to the cost of a specific beneficial improvement, the legislature may exact it from adjoining county property which receives the benefits.

Brooks vs. Baltimore, 48 Md., 265, 268-9.

It appears from statements in the reported cases that until recent years the assessment in Maryland was com-monly laid for an improvement made upon petition of adjoining owners.

Alexander's Case, 5 Gill 389 (Archer, J.).

Moale's Case, 61 Md. 224.

And the improvement must be one made with a view and purpose to benefit the abutting property owners, or, otherwise, it must be paid for exclusively from the general levy of taxes.

Burns' Case, 48 Md. 198.

Hanson's Case, 61 Md. 462.

Hyattsville vs. Smith, 105 Md. 318, 324-5.

Hughes' Case, 1 G. & J. 492.

Howard's Case, 6 H. & J. 391.

It follows that the amount of assessment can not exceed the cost of the improvement, even though the benefits should exceed that cost.

1 Page & Jones on Taxation by Assessment, Sec. 466, and cases cited.

Clearly, I think, the special assessment provided for under the Act of 1912 is not such as has just been described. It has no reference to the cost of the improvements made near the properties charged. Improvements of all kinds made on an indefinite number of streets, at various indefinite times in the past, are lumped together as a basis of a common charge, irrespective of differences in cost.

It is not sought to return the expenditures for the several benefitting improvements to the public treasury from which they were made; improvements by all other public agencies and from all other public funds, as well, are taken as the basis of a contribution to a present fund of the city. And, lastly, it is not at all an exaction to defray the cost of the old improvements, for, according to the terms of the Act, those were paid for by a general levy, and the transactions thus closed. On the contrary, the whole purpose of this provision of the Statute is to raise a fund for present purposes, alien to these properties altogether—except as they may share in a benefit common to the whole city. The mere fact that some part of their values may have accrued to them in the past from public expenditures nearby, does not, upon any theory I have been able to devise, permit laying upon them separate, special contributions for the city's present paving fund, or for any contribution other

than that of the general property tax based upon their values. As has been seen, it does not meet the requirements of a general property tax. Thus the conclusion must be that the provision of the Act for assessments upon property abutting on old improvements is in violation of the 15th Article of the Declaration of Rights of the Maryland Constitution, as charged in the bill of complaint.

"Had the respondents been originally assessed for benefit conferred under a proper law it might then be said that the assessment was for a public use, and not for a subsisting debt, and such an assessment could have been enforced. But such is not this case. And those assessed are required, by the proceedings of the commissioners, to aid in the discharge of a debt previously contracted and to contribute money which is to be paid into a sinking fund, and to be appropriated for the payment of bonds, already issued, for the location and improvement of the park."

In the Matter of Lands in Flatbush, 60 N. Y. 398, 406.

There are other serious objections to the validity of this provision. Even if this assessment should have been clearly a special assessment to return to the city the cost of the old improvements, would it be within the power of the Legislature to make it now, in view of the decisions explaining and justifying such special taxation?

The Court of Appeals has repeatedly pointed out, that when made at the time of the improvement to defray its cost, "The legality of levying the tax does not depend upon whether the paving does or does not in fact benefit the particular district that is taxed, but upon the object, the motive of the corporation in causing the paving to be done."

Mayor, &c., vs. Hughes, 1 G. & J. 492.

And when the improvement has been made exclusively for the public benefit, no special tax may be laid. The actual levying of a special tax is accepted as a declaration of motive and purpose which justifies it, even when the general terms of an ordinance taken alone might have indicated a purpose to seek the public benefit exclusively.

Hughes' Case, 1 G. & J. 492.

Howard's Case, 6 H. & J., 391.

Burns' Case, 48 Md. 198.

Hanson's Case, 61 Md. 462.

Hyattsville vs. Smith, 105 Md. 318, 324-5.

Now when the city, acting as it does, as and for the State in a particular locality, has made an improvement wholly by means of general taxes, without any special assessment of benefits, must it not, conversely, be assumed that the improvement was made wholly for the public benefit? And, if this is so, can an assessment be laid at some later time, by the state, on the theory of special benefits? I think it follows that it can not; that an assessment then would be an unfounded special charge.

The possibility that past improvements may have been made exclusively for the public benefit is disregarded in the present Act. And this further confirms the conclusion that the charge is one for contribution to a present fund from property of an arbitrary special description.

It has been debated, in the argument, whether apart from other objections, this charge upon property once deliberately and authoritatively left free of any such charge, would not amount to a deprivation of property without due process of law, and so violate the Fourteenth Amendment to the United States Constitution. It is urged that it violates settled rights to such an extent, especially coming, as it does, at a considerable time after the expenditures for the improvements have been made and closed.

Again, it has been argued that, however the law may be with regard to those who owned the properties at the times when the improvements were made, later purchasers for value having naturally included in their purchase price the equivalent of all benefits from the improvements, would under any present retrospective assessment have to pay for benefits which do not stand to their credit distinguishing them from the general public. They would in effect pay twice for the benefits to the property.

The authorities on these points are few, and they seem to leave the questions open ones. As I have taken the view that the assessment provided in the Act is not such a special assessment, even retrospectively, I shall not

render any decision upon them. I think it proper to point out, however, that two of the objections urged against the tax by counsel for Philip Wagner, Inc., are in direct conflict with decisions which control this court.

When a local assessment, as distinguished from a general property tax, is laid directly by the Legislature itself, due process of law does not require that notice and opportunity for a hearing be given the property owner before the charge is fixed.

Hagar vs. Reclamation Dist., 111 U. S. 701.

Parson vs. District of Columbia, 170 U. S. 45.

And such assessments when based upon the front foot of abutting properties, without regard to differences in value, are not unconstitutional.

Johns Hopkins Hospital Case, 56 Md. 1, 31.

Alberger's Case, 64 Md. 6.

Baltimore vs. Stewart, 92 Md. 535, 552-553.

From what has been said it follows that the demurrer will be overruled. An order will be signed accordingly.