OSCAR LESER, A. B. CUNNINGHAM AND JOHN GILL, JR., JUDGES OF THE APPEAL TAX COURT OF BALTIMORE CITY ET AL.,

*vs.*

PHILIP WAGNER (INCORPORATED) AND THE SAFE DEPOSIT & TRUST COMPANY.

*Taxation: direct tax assessed by Legislature; special assessment for improvements already completed; jurisdiction of equity to restrain illegal taxation. Act of 1912, Chapter 688.*

Chap. 688 of the Acts of 1912 levied a special tax on property in Baltimore City, which it was stated had been specifically benefited by improved paving, at certain rates and according to certain classifications embodied in the Act; the applicability of such classification and rate to particular property was to be determined by the Appeal Tax Court; the proceeds of such taxes were dedicated by the Act to a general paving fund for the city; *held,* that such act was a valid exercise of the legislative power and was free from constitutional objection.                    p. 680

The provisions of existing laws relating to notice and appeals from actions of the Appeal Tax Court, were made applicable to the notice to be given and the right of appeal from that Court, and were held to be ample.                    p. 677

The constitutionality of the law is not affected by the fact that the proceeds of the paving tax go into a fund, and are not

raised to pay for improvements specifically benefiting the property assessed.                                    p. 680

A Court of Equity has jurisdiction to restrain the levy of taxes which, if levied, would be unlawful.                    p. 674

Where the Legislature fixes the amount of a tax, no additional notice is necessary, and in the absence of clear evidence that the tax is arbitrary or oppressive the legislative decision is conclusive on the courts.                    p. 677

The Legislature has ample power to levy special taxes for local improvements and to impose special assessment for road or street improvements, when not restricted by constitutional provisions.                                    p. 680

A special assessment may be levied upon an executed consideration, for a public work already done.        pp. 678-679

An assessment upon abutting property owners of the cost of paving the sidewalk is valid, and of public benefit as well as local advantage to such owners, though they may object to the improvement.                                    p. 678

*Decided May 13th, 1913.*

Appeal from the Circuit Court for Baltimore City (Bond, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*S. S. Field* for the appellant.

*George Washington Williams* (with whom was *John Holt Richardson* on the brief) for Philip Wagner, appellee.

*Alfred S. Niles* (with whom was *Oscar Wolff* and *Chester F. Morrow* on the brief) for the Safe Deposit & Trust Company, appellee.

BRISCOE, J., delivered the opinion of the Court.

The decision of the questions presented on this appeal,- involves the construction and validity of the Act of 1912, Chapter 688, known as "the Special Paving Tax" Act for Baltimore City.

The title of the Act, is as follow: "An Act levying a special paving tax upon property in Baltimore City specially benefited by improved paving, the proceeds of said tax to go into or augment the new paving fund provided by the Act of 1906, Ch. 401, and the Act of 1908, Ch. 202, p. 644, and to be spent by the Paving Commission, provided for by said Acts, and to authorize the Appeal Tax Court and the City Collector to perform certain duties relating to said special tax."

The appellants, on the record are the Judges of the Appeal Tax Court and the Tax Collector of Baltimore City, and the appellees are The Safe Deposit and Trust Company of Baltimore, trustee, and Philip Wagner, Incorporated, holders and owners of landed property abutting upon certain public streets and highways of the city, as set out in the record now before us.

The questions to be determined arise upon a demurrer to a bill in equity for an injunction to restrain the collection of the special paving tax, upon the ground that Chapter 688, of the Acts of 1912, imposing the tax is invalid and unconstitutional, as in conflict with the Fifteenth and Twenty-third Articles of the Declaration of Rights of the State and, also with the Constitution of the United States.

The objection to the jurisdiction of the Court below to hear and determine the questions raised on the record, we think, was properly overruled.

In *Joesting* v. *Baltimore City,* 97 Md. 590, it was distinctly held, that a Court of Equity has jurisdiction to restrain the levying of taxes, which if levied would be unlawful. The objection in this case, is against the validity of the assessment fixed in the Act itself, and a Court of Equity had full power to entertain it, under the averments of the bill filed in the case. *Wannenwetch* v. *Baltimore,* 115 Md. 452; *Baltimore City* v. *Starr Church,* 106 Md. 281; *Baltimore* v. *Gittings,* 113 Md. 119. Secondly: Is the Act of Assembly of 1912, Chapter 688, valid and constitutional? The Court below held the Act to be unconstitutional as to the assessments in this case, and from an order overruling the defendants' demurrer to the plaintiffs' bill, this appeal has been taken.

By an Act of the General Assembly passed at the January session, 1906, Chapter 401, amended by Chapter 202 of the Acts of 1908, provision was made for the creation of a Paving Commission for the City of Baltimore, with powers to carry out a plan or scheme for a complete system of improved pavements of the streets of the city. A fund of $5,000,000.00 by means of a loan, was provided for the purpose, and this loan was authorized by the Act, was submitted and approved by the people at an election held on the 2nd day of May, 1911. These Acts were approved by this Court in the case of *Bond* v. *Baltimore, et. al.,* 118 Md. 159.

The object and purpose of the Act of 1912, is to raise an additional fund of $5,000,000.00 to complete the plan adopted by the city for improved pavements throughout the city, and this is to be done by a special paving tax upon property in the city specially benefited by improved paving, as provided by the Act.

Section 2 of the Act provides that, on the first day of every month the City Collector shall account for and pay over to the Comptroller, to be by him deposited with the

City Register and to be placed to the credit of the new paving fund provided in the Acts of 1906, Chapter 401, and 1908, Chapter 202, and to be exclusively applicable to the cost of the work authorized by the Acts or by any amendment or amendments thereof.

The first section of the Act, provides that there is hereby levied and imposed upon property in the City of Baltimore, specially benefited by improved paving (said property being hereinbelow specified) a special paving tax of the amount hereinbelow specified, said tax to continue as to each property for ten years from the time it attaches hereto, and the entire proceeds thereof to be used for improved paving in Baltimore City as hereinbelow provided.

The second section of the Act, defines the property specially benefited by improved paving and upon which the tax is laid as follows: All landed property in Baltimore City adjoining or abutting upon any public highway, which has been or shall hereafter be paved with improved paving, without special assessment, of any part of the cost upon the abutting or adjoining property owners by the City of Baltimore or the State Roads Commission or other public commission or agency, or by said City and such Commission or agency or by either or both, and any railroad or railway company occupying with tracks a portion of such highway, "is hereby declared to be specially benefited by such improved paving to an extent greater than the entire amount of the special tax hereby levied thereon."

The property made subject to the special paving tax is divided by the Act into three classes, designated as Classes A. B. and C.

Class A. shall include all such landed property in the City of Baltimore adjoining or abutting upon a public highway paved with improved paving, and having a width of not less than thirty feet so paved.

Class B. shall include all such landed property, adjoining or abutting upon any public highway paved with improved

paving, and having a width of less than thirty feet and not less than fifteen feet so paved.

Class C. shall include all such landed property adjoining or abutting upon any public highway paved with improved paving and having a width of less than fifteen feet so paved.

The amount of this special tax levied by the Act, (Sec. 4), on all property embraced in Class A. shall be fifteen cents per year per front foot or lineal foot, adjoining or abutting upon the public highway. On all property in Class B., ten cents per year, per front foot, and in Class C. five cents per year per front foot. The Act also provides for a proper classification and listing of the property under the special tax and the Appeal Tax Court shall give a prior notice to the owner of the property, designating a certain time when said owner may appear before said Court, and be heard in reference to the liability of said property for said tax, and the class to which it properly belongs. All the provisions of existing laws relating to notice to be given by the Appeal Tax Court before changing the classification of property under the Act of 1908, Ch. 286, p. 581, and to appeals from the actions of the Appeal Tax Court thereunder shall be applicable to the notice to be given by the Appeal Tax Court and to the right of appeal from their actions under this Act." (Acts of 1912, Chapter 688.)

The Act defines improved paving in Sec. 3, as follows: "That improved paving as used in this Act shall mean any substantial smooth paving above the grade of ordinary macadam and shall include granite or belgian block, vitrified brick or blocks, wood block, asphalt or concrete block, sheet asphalt, bitulithic, bituminous macadan, and bituminous concrete." "Paved" shall include repaved as to any public highway, not theretofore paved with improved paving, and "Landed Property" shall mean real estate whether in fee simple or leasehold, and whether improved or unimproved. (Acts of 1912, Chapter 688.)

We have thus stated the material provisions of the Act somewhat at length, because we are satisfied, that when

these provisions are considered in connection with its object and purpose, the objections here argued against the Act will be found to be without merit and force.

The amount of the tax it will be seen is fixed by the Act itself, and it is well settled that where the Legislature fixes the amount of the tax, no notice is necessary, and in the absence of clear evidence that the tax is arbitrary or oppressive, the legislative decision is conclusive on the Courts. *Hager* v. *District No. 108,* 111 U. S. 701; *Faust* v. *Bldg. Asso.,* 84 Md. 186; *Parsons* v. *District,* 170 U. S. 52; *Hyattsville* v. *Smith,* 105 Md. 318.

The Act of 1912, however, provides that a notice shall be given to the owner of the property, to be heard in reference to the liability of the property for the tax and its proper classification. All the provisions of existing laws relating to notice and to appeals from the actions of the Appeal Tax Court, are made applicable to the notice to be given and to the right of appeal from their actions under the Act. The Act, we think, provides for ample notice. *Spencer* v. *Merchant,* 125 U. S. 345; *Baltimore* v. *Ulman,* 79 Md. 469.

The cases bearing upon the subject of a special paving tax or assessments like the one now under consideration are too numerous for us to attempt to review in this opinion. While there is some conflict among them they all will be found to rest upon the principle, there is a benefit to the abutting property by reason of the public improvement made with the public funds.

As was said by JUDGE MILLER, in *Burns* v. *Baltimore,* 48 Md. 198, "The theory and foundation of all previous legislation imposing these special assessments for improvements of this character upon the owners of adjacent property is that *the improvement* is for their benefit, and that they derive such advantage from it in the enhanced value of their property over and above what is conferred upon the public at large, that it is just that they should be specially assessed *therefor,* and on this ground the validity of such laws has been sustained by the Courts."

Mr. Gray, in his work on Limitation of Taxing Power, Sec. 1839, says: "While such assessments are referrable to the taxing power, they are not regarded as taxes within the meaning of constitutional provisions requiring equality and uniformity in taxation. They differ from ordinary taxes in that the citizen who pays ordinary taxes is not supposed to receive any equivalent for his taxes except the common benefits of government. On the other hand, the owner of property who pays a legal assessment receives, in theory, an equivalent, in the form of an increase in the value of his property, for all he pays by way of assessment."

In *Baltimore* v. *Ulman,* 79 Md. 482, this Court held, that where a street had been paved and the expense against the property benefited has been assessed under an ordinance subsequently declared void, the legislature had power to authorize the city to levy special assessments against such property to the extent of the special benefits derived by the property. *Spencer* v. *Merchant,* 125 U. S. 356; *Baltimore* v. *Ulman,* 165 U. S. 719.

In *Hyattsville* v. *Smith,* 105 Md. 318, it is said, an assessment upon abutting owners of the cost of paving a sidewalk is valid when the public benefit as well as local advantage to such owners is the object of the improvement.

The Act of 1782, Chapter 17, and Act of 1791, Chapter 59 are somewhat similar in principle to the Act of 1912, here in controversy. These Acts are referred to in *Baltimore* v. *Johns Hopkins Hospital,* 56 Md. 32, and in *Baltimore City* v. *Stewart,* 92 Md. 552, as valid Acts, and the principles upon which these Acts rest, have never been controverted in this Court.

In *City of Seattle* v. *Kelleher,* 195 U. S. 351, the Supreme Court held, that the Legislature had the power to levy a special assessment on account of an improvement previously made, where at the time of the improvement an assessment had not been made. Mr. Justice Holmes in delivering the opinion of the Court, said: "At the end, the benefit was there, on the ground, at the city's expense. The principles

of taxation are not those of contract. A special assessment may be levied upon an executed consideration, that is to say, for a public work already done. If this were not so it might be hard to justify re-assessments. The same answer is sufficient if it be true that when the work was done the cost of planking could not be included in the special assessment. The charge of planking on the general taxes was not a contract with the landowners, and no more prevented a special assessment being authorized for it later than silence of the laws at the same time as to how it should be paid for would have. In either case the legislature could do as it thought best." *Bellows* v. *Weeks,* 41 Vermont 590, 599, 600; *Mills* v. *Charleton,* 29 Wisconsin 400, 413; *Norwood* v. *Baker,* 172 U. S. 269, 293; *Hall* v. *Street Commissioners,* 177 Mass. 434, 439; *Williams* v. *Supervisors of Albany,* 122 U. S. 154; *Frederick* v. *Seattle,* 13 Wash. 428; *Cline* v. *Seattle,* 13 Wash. 444; *Bacon* v. *Seattle,* 15 Wash. 701; *Cooley, Taxation,* 3rd. Ed. 1280.

The Supreme Court, in *Seattle* v. *Kelleher, supra,* also held, that the doctrine concerning *bona fide* purchasers for value did not apply to a tax of this character. A man can not get rid of his liability to a tax by buying without notice. *Tallman* v. *Janesville,* 17 Wis. 71; *Cooley on Taxation,* 3rd Ed. 527; *Leominster* v. *Conant,* 139 Mass. 384; *Parsons* v. *District,* 170 U. S. 57; *Chester* v. *Pennell,* 169 Pa. St. 300; *Butler* v. *Toledo,* 5 Ohio St. 225.

The contention that the paving tax is void because the proceeds go into a general paving fund and not raised to pay for improvements specially benefiting the property assessed, we think, is fully answered by the case of *Jelliff* v. *Newark,* 48 N. J. Law 102, and other cases cited in the appellants brief.

We have been referred to no case where an act, similar to the Act of 1912, Chapter 688, has been held to be void and unconstitutional. Many of the cases relied upon by the appellees relate to the validity of ordinances authorizing the paving of streets, and not to the validity of an Act of As-

sembly. There is a manifest distinction between an apportionment by the Legislature and an assessment made by a municipal corporation. *Bassett* v. *M. & C. C. of Ocean City,* 118 Md. 121; *Hyattsville* v. *Smith,* 105 Md. 325.

The power of the Legislature to levy special taxes for local improvements, and to impose special assessments for road or street improvements, when not restricted by constitutional provisions, is well settled and is supported by *numerous Federal* and State decisions.

In *Hager* v. *Reclamation Dist.,* 111 U. S. 705, it is said: Unless restrained by the Federal Constitution the power of the State, as to the mode, form and extent of taxation is unlimited, where the subjects to which it applies are within her jurisdiction.

So without prolonging this opinion by a further discussion of the objections raised to the Act, we hold that the Act of 1912, Chapter 688, is a valid exercise of legislative power and is free from the constitutional objections urged against it. This conclusion is in accord and is supported by the principles announced by the best adjudged cases in the States and in the Supreme Court of the United States.

For the reasons stated, the order of the Circuit Court of Baltimore City dated the 7th of January, 1913, overruling the defendants demurrer to the plaintiffs bill, will be reversed, and the petition dismissed.

*Order reversd and bill dismissed, with costs to the appellants.*