MARY WANNENWETCH, ET AL. *vs.* MAYOR AND
CITY COUNCIL OF BALTIMORE, AND
FRANK BROWN, COLLECTOR.

*Taxation; Baltimore City; Appeal Tax Court; powers of; classification and assessment of property; notice; appeals to Baltimore City Court; Act of 1908, Ch. 167. Equity; jurisdiction ousted. Remedial statutes.*

The Act of 1908, Ch. 167, amending section 170 of the Charter of Baltimore City, places classification and assessment on the same footing, recognizes the power of the Appeal Tax Court of Baltimore City to "classify" property for taxation, enlarges the power of the Baltimore City Court on appeals from the Appeal Tax Court, and defines more clearly the method of procedure on such appeals.              p. 450

It is a remedial statute, designed to effect a complete system for the correction of errors in assessing and classifying property in Baltimore City with the least possible delay and expense to both the city and taxpayer, and it should be liberally construed.                    pp. 451-452

Under section 170 of the Charter of Baltimore City, as amended by Ch. 167 of the Acts of 1908, on appeals from the Appeal Tax Court, the Baltimore City Court is required to try the case *de novo,* and is authorized to declare assess-

ments and classifications to be null and void when made
without previous due notice to the owners or persons entitled
thereto. p. 452

Remedial statutes are to be liberally construed. p. 452

The Act of 1908, Ch. 167 (amending section 170 of the Char-
ter of Baltimore City relating to appeals from the Appeal
Tax Court to the Baltimore City Court), in giving complete
jurisdiction to a Court of law, creates a clear legal remedy,
and takes away the right to resort to equity. pp. 452-453

"Due notice" required by the statute does not necessarily mean
that notice should be personally served in the process of
taxation; it is sufficient if the notice is left at each house
which is the subject of the taxation. p. 453

*Decided April 5, 1911.*

Appeal from the City Court of Baltimore City (NILES,
J.).

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, PATTISON and URNER, JJ.

*S. S. Field* (with whom were *Frank Driscoll, and Gill,
Preston & Field,* on the brief), for the appellant.

*W. H. DeC. Wright* (with whom was *Edgar Allan Poe,*
on the brief), for the appellee.

PEARCE, J., delivered the opinion of the Court.

This appeal is from an order or decree of the Circuit
Court of Baltimore City dismissing a bill for an injunction
against the Mayor and City Council of Baltimore City, and
Frank Brown, collector of State and city taxes for Baltimore
City, restraining them from collecting taxes at the full city
rate upon the properties of the several plaintiffs, and requir-
ing them to accept from the plaintiffs city taxes at the rate
of sixty cents in each hundred dollars for the years 1909
and 1910.

The bill alleges that all of the properties of the several plaintiffs mentioned in the proceedings are located in a block in that part of Baltimore City which was annexed thereto by the Act of 1888, ch. 98, and that said block contain more than 200,000 superficial square feet, and up to the year 1909 was not surrounded by streets improved as required by the Act of 1902, ch. 130, and that up to and until the year 1909 all said properties were classified for taxation for city purposes under said last mentioned act at sixty cents on the $100, and all those allegations are established by the undisputed evidence.

The bill then further charges that said properties were classified for the years 1909 and 1910 at the full city rate of $1.95 on the $100 and that such classification by the Appeal Tax Court of Baltimore City was illegal and void, both because said block was not subject to such classification, and because the same was made without any notice to any of the plaintiffs, and that none of the plaintiffs knew such classification had been made until after the time allowed by Section 170 of the City Charter (Act of 1908, ch. 167) for appeal to the Baltimore City Court. The appellants concede they would have had an adequate remedy at law for the alleged wrongful classification, by the appeal thus provided, if due notice of the purpose to make such classification had been given them, but allege that the want of due notice rendered the classification void and entitles them to relief in equity.

To sustain this contention they rely upon the case of *Baltimore City* v. *Poole & Son Co.*, 97 Md. 67, decided in 1903. In that case both the assessment and the classification of the plaintiff's property had been changed, and the bill alleged that no notice of either purpose had been given to the plaintiff. Sections 150 and 164 of the City Charter expressly required notice to the owner as respects assessments, but there was then no statutory declaration of the power of the Appeal Tax Court to classify property, nor any statutory regulations of the procedure for the purpose of classification

so as to determine when property in the annexed part of the
city was brought within those condition of the annexation
acts which would permit its taxation at the full city rate.
There was a demurrer to the bill which was sustained by the
Circuit Court, and its decree was affirmed here on appeal,
this Court holding that the prescribed notice as to assess-
ment, and reasonable notice as to classification, was neces-
sary to give jurisdiction to the Appeal Tax Court.

It was contended by the city in that case that under sec-
tion 170 of the City Charter the owner of the property when
he first obtained knowledge of the increased assessment and
of the classification bringing the property within the full city
rate of taxation, had the right *then* to ask from the Appeal
Tax Court an abatement of the assessment and the restora-
tion of the property to the 60-cent rate for city taxes, and
that upon its refusal to make the abatement or to order the
restoration of the 60-cent rate, he could appeal within 30
days from such refusal to the Baltimore City Court, and thus
having a clear legal remedy, that he could not resort to equity
for relief.

But we held that section 170, as it then stood, had no rela-
tion to the jurisdiction of the Appeal Tax Court, whose juris-
diction was absolutely dependent as to the *assessment,* upon
the giving of the notice prescribed in sections 150 and 164 A.
and as to the classification, upon the giving of reasonable
notice, and that section 170 had no relation to void assess-
ments or classifications. We said section 170 "deals with
questions arising after a *valid,* though *erroneous* assessment
has been made. The remedy against an invalid assessment,
one made without jurisdiction to make it, is to strike it down
though the result may be to lose the taxes for that year; the
remedy against an assessment *valid as an assessment,* but
illegal because of the manner in which it was made, or errou-
eous because of under or over valuation is by application
recognizing the jurisdiction to assess, but attacking the legal-
ity or regularity of the form of the proceedings under the
conceded jurisdiction."

As the demurrer in that case conceded the jurisdictional defect of want of notice, and the charter contained no provision authorizing the Appeal Tax Court or the Baltimore City Court to declare an assessment to be null and void, but only "to reduce or abate" it, we held that relief against a void assessment could only be obtained in equity and we consequently affirmed the decree of the Circuit Court. But section 170 of the Charter has been repealed and re-enacted by Chapter 167 of the Acts of 1908 with some very material changes in consequence of which the City now renews the contention made by it in the *Poole case, supra,* and in considering this contention it will be necessary carefully to compare the original with the amended section.

One obvious purpose of that Act, disclosed by a cursory reading, was to give statutory recognition to the power of classification which in *Poole's case* we said the Appeal Tax Court must be held to possess; also to place classification and assessment upon the same footing as respects procedure, and hence whenever the word *assessment* is mentioned in the original section, the word *classification* is coupled with it in the amended section. Another purpose of the Act of 1908 was to enlarge the power of the Baltimore City Court on appeals from the Appeal Tax Court, and to define more clearly the method of procedure in such appeals, and in that we may more readily compare the original and amended section in these respects we have placed that portion of each section which relates to the trial of these appeals in parallel columns, as follows:

| *Original Section.* | *Amended Section.* |
|---|---|
| "The person or the City appealing to the said Baltimore City Court shall have a trial before the Court without the intervention of a jury, and the Court sitting without a jury shall ascertain or decide on the proper assessment, and shall not reject or set aside the record of the proceedings of the judges of the said Appeal Tax Court for any defect or omission in either form or substance, but shall amend or supply all such defects or omissions, and assess, increase or reduce the amount of the assessment, and alter, modify and correct the record of proceedings in all or any of its parts as the said Baltimore City Court shall deem just and proper. | The person or the City appealing to the said Baltimore City Court shall have a trial before the Court without the intervention of a jury, and the Court, sitting without a jury, shall *hear the case de novo*, and shall ascertain and decide on the proper assessment *or classification of the property for the year involved in the appeal; and neither the action, nor the record of the proceedings of the judges of the Appeal Tax Court in the premises shall be held to be or declared void* for any reason whatsoever; provided due notice of the proceedings shall have been given to the parties entitled by said judges of the Appeal Tax Court; and the said Baltimore City Court shall assess anew, or classify anew, as the case may be, the property forming the subject of the appeal; provided however that in the absence of any affirmative evidence to the contrary, the assessment or classification appealed from shall be affirmed. |

Chapter 167 of 1908 is a remedial statute designed to effect a complete system for the correction of all errors in

assessing and classifying property in Baltimore City, and to
accomplish this with the least possible delay and expense
both to the city and to the taxpayer, and it should be liber-
ally construed to effect the purpose of its enactment.   This
purpose can plainly be best attained by conferring upon a
single tribunal jurisdiction over the whole field covered by
the text of section 170.   Under the original section only a
Court of equity could declare an assessment or classification
to be null and void (no power being conferred upon the
Baltimore City Court to that end), and when so declared by
a Court of equity it was necessary to go back again to the
Appeal Tax Court and there have another assessment or
classification made.   Under the amended section 170, the
Baltimore City Court on appeal is required to try the case
*de novo,* and by the clearest and strongest implication is
authorized and required to declare assessments and classifica-
tions to be null and void *when made without previous due
notice to the owners or persons entitled thereto.*   No other
rational construction can be placed upon the language of the
amended section, which forbids that "neither the action nor
the record of the proceedings of the judges of the Appeal
Tax Court shall be held to be, or declared, void for any rea-
son whatever; *provided due* notice of the proceedings shall
have been given to the parties entitled", than that such record
may and shall be declared void, *when due notice has not been
given.*   Unless such construction is given to that language,
the Baltimore City Court could not proceed, as directed in
the next sentence, "to assess or classify anew" the property
in question.   A new assessment or classification can only be
made when the old one has been superseded as void.   The
only object of a bill in equity in such a case as that before us
is to have the assessment or classification declared to be
null and void, and if the Baltimore City Court is authorized
so to declare upon the same state of facts as has heretofore
been required in a Court of equity, there can be no occasion
to resort to a Court of equity.   The same language which,
in giving complete jurisdiction to a Court of law, created a

clear legal remedy, took away the right to resort to equity. Our conclusion therefore is that upon the ground just considered the decree of the Circuit Court should be affirmed.

Chapter 167 of 1908 was before us in the case of *The Mayor and City Council of Baltimore* v. *Hurlock,* 113 Md. 674; the only contention there made was that the assessment was unequal as compared with other property of the same kind in the same neighborhood, and that the property was overvalued, the appeal in that case being from rulings of the Baltimore City Court.

In the course of the opinion in that case, referring to the same language of section 170 as amended, which is transcribed herein, it was said, "no assessment can be declared void, but the City Court must assess the property in question anew." This obviously meant that *no merely irregular or erroneous assessment, such as was there complained of,* could be declared void. The qualification contained in the amended section, "provided due notice of the proceedings shall have been given to the parties entitled by said judges of the Appeal Tax Court, being inadvertently omitted, as not involved in that case. This will appear from a later passage in the same opinion, where it was said that the object of the section as amended was to "avoid a total failure of any assessment such as occurred in *Consolidated Gas Co.* v. *Baltimore,* 101 Md. 559, and would occur under the original section 170 whenever it became necessary to set aside an assessment appealed from."

It does not appear from the opinion of the learned judge below what view he took of the ground upon which we have placed our affirmance of his decree, as he decided the case upon other grounds, holding that "due notice" does not necessarily mean that notice should be personally served in the process of taxation, and that the notices which in this case were left at each house which was the subject of taxation constituted due notice, and that therefore the plaintiffs' remedy was by appeal to the City Court. With this view we fully agree and should be quite content to affirm upon that ground

alone; but, with a view to settling the practice, we have deemed it best to decide now the question thus renewed under the amended section 170 by the city's solicitors.

*Decree affirmed, with costs to the appellees.*