WINFIELD S. CAHILL

*vs.*

JOHN GILL, JR., EDWARD A. HARTMAN AND
JAMES McC. TRIPPE, JUDGES OF THE APPEAL
TAX COURT OF BALTIMORE CITY, AND WIL-
LIAM C. PAGE, CITY COLLECTOR.

*Tax appeals: Baltimore City; jurisdiction of Baltimore City
Court, and court of equity.*

Section 170 of Chapter 167 of the Acts of 1908, conferring
upon the Baltimore City Court jurisdiction to review and give
equitable relief in tax appeal cases from assessments for the
cost of grading and paving streets, does not, under every state
of facts, oust the general jurisdiction of courts of equity.

                                                        p. 497

Where the Mayor and City Council of Baltimore had not
acquired title to a street, and had no warrant in law to open
it through the property of the complainant, and could not
legally pave such a street and assess the cost upon his abutting
property, it was: *Held,* that since under the Act of 1908 the
Baltimore City Court had no power to declare the assessment
null and void, equity retained jurisdiction to grant the neces-
sary relief.                                            p. 498

*Decided April 13th, 1917.*

Appeal from Circuit Court No. 2 of Baltimore City.
(BOND, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Clifton S. Brown,* for the appellant.

*Alexander Preston, Deputy City Solicitor,* (with whom was *S. S. Field, City Solicitor,* on the brief), for the appellees.

CONSTABLE, J., delivered the opinion of the Court.

This is an appeal from an order or decree sustaining a demurrer to the bill of complaint of the appellant and dismissing the bill.

The purpose of the bill was to enjoin the City Collector of Baltimore City from collecting an assessment levied against the appellant's property by the judges of the Appeal Tax Court of Baltimore City, and to enjoin the said Judges of the Appeal Tax Court from levying any assessment against the property of the appellant for paving done on property of the appellant.

It is alleged in the bill that the appellant is now, and was at the time of the occurrences set forth in the bill, the owner of property located on the east side of Jackson street, and that the Mayor and City Council of Baltimore, without any warrant of law, and before it had acquired title to the property belonging to the appellant, and without his consent, proceeded to project a street over the appellant's property and caused the said street to be paved with an improved pavement; and that the Appeal Tax Court, after notice given and hearing had, levied an assessment for the said paving against the property of the appellant. It was further alleged that after the hearing before the Tax Court, the appellant was notified by one of the Judges of said Court, that the property would not be assessed for the paving theretofore done for the year 1916, or until such time as the Mayor and City Council had obtained title to the property upon which the paving was laid. That, relying upon such statement, the appellant had

no knowledge that the assessment had been made until he received a bill from the City Collector, and at that time, more than thirty days had elapsed since the assessment had been made, and that, therefore, he had lost any right of appeal he might have had.

The only contention raised by the appellees in support of their demurrer is, that the Baltimore City Court had sole jurisdiction, on appeal, to hear and decide the questions raised in this bill.   Their contention is that Section 170 of the Baltimore City Charter, as amended by Chapter 167 of the Acts of 1908, gives a clear legal remedy and the right to resort to equity is therefore taken away; and rely upon the case of *Wannenwetch* v. *Baltimore,* 115 Md. 446.   We are unable to give the scope to this case sought by the appellees. It was held under the facts of that case that there could be no resort to a Court of Equity because of a want of due notice of the proceedings, since the amended section 170 of the Charter expressly provided that the Baltimore City Court should be authorized to declare the proceedings null and void, if no notice of the proceedings had been given to the parties entitled, and that, therefore, there was no necessity to go to a Court of Equity for relief when the law Court was authorized to give the relief under exactly the same state of facts. This Court in saying: "The same language which, in giving complete jurisdiction to a Court of law, created a clear legal remedy, took away the right to resort to equity," did not mean to declare that in every state of facts, equity should be ousted, but was only dealing with the particular facts as disclosed in that case.   To the contrary, the amended section declares that only in cases of want of due notice, "neither the action, nor the record of the proceedings of the Judges of the Appeal Tax Court in the premises shall be held to be, or declared void for any reason whatsoever."   Our inquiry must then be whether, under the facts of the bill as admitted by the demurrer, the action of the Appeal Tax Court is null and void.

As. stated above the appellant alleges that he is the owner of property, that the Mayor and Council have projected without warrant of law, a street over said property, and that the paving for which an assessment has been made and a bill rendered, was laid upon the property of the appellant without his consent and without warrant of law. All of these facts being admitted, this case is brought too close to that of *Baltimore* v. *Hook,* 62 Md. 371, to leave any room for questioning that the action of the Appeal Tax Court in assessing at all was null and void. In the case just cited, it was attempted through the proper city agency, to assess upon abutting street owners the costs of curbing and paving said street; but a Court of Equity enjoined the collection of the same when it appeared that the city had never acquired title to the street, and this Court held that the assessments were null and void.

If then, the Baltimore City Court had not the power, under the express words of the statute, to declare these assessments null and void, that power still must have reposed in the Court where it had so long been exercised.

We are of the opinion, therefore, that the lower Court committed error when it sustained the demurrer and dismissed the bill, and we will reverse the decree and remand the cause for further proceedings.

> *Decree reversed, cause remanded for further proceedings; appellees to pay the cost.*