JOHN GILL, JUNIOR., EDWARD A. HARTMAN AND
JAMES McC. TRIPPE, JUDGES OF THE APPEAL TAX
COURT OF BALTIMORE CITY, AND WILLIAM C.
PAGE, CITY COLLECTOR,

*vs.*

WINFIELD S. CAHILL.

*Streets: paving; Baltimore City; Chapter* 688 *of Acts of* 1912;
*classification of property by Appeal Tax Court; title of
city to property paved. Equity pleading:
hearing on bill and answer.*

Under Chapter 688 of the Acts of 1912, providing for the
assessment of property for the improved paving of streets upon
which the property abuts, the Appeal Tax Court may make the
classification under the Act as soon as the property meets its
requirements, and for such purpose it is immaterial whether or
not the city had acquired title before or after the paving was
done.                                                p. 403

But the title to the property must be acquired by the city
before it can come under the operations of the Act.      p. 403

Where a hearing is had upon bill and answer, the plaintiffs
are to be taken as admitting the truth of all matters stated in
the answer which was susceptible of proof by legitimate evi-
dence.                                               p. 401

*Decided January 14th, 1919.*

Appeal from Circuit Court No. 2 of Baltimore City.
(AMBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*S. S. Field, the City Solicitor,* (with whom was *Alexander Preston, Deputy City Solicitor* on the brief), for the appellants.

*Clifton S. Brown,* for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

This case has been before this Court once before and is reported in 130 Md. 495. At that time the appeal was from a decree sustaining a demurrer to the bill. "The purpose of the bill" as stated in the prior opinion, "was to enjoin the City Collector of Baltimore City from collecting an assessment levied against the appellant's property by the judges of the Appeal Tax Court of Baltimore, and to enjoin the said Judges of the Appeal Tax Court from levying any assessment against the property of the appellant for paving done upon property of the appellant."

The property spoken of was a section of what is known as the Falls Highway, and at the time of the institution of this suit the title to which was in the appellant in the prior appeal.

The Court below sustained the demurrer, but this Court reversed the decree and remanded the case for further proceedings. Upon the remand the appellants in this appeal filed an answer, denied all the material allegations of the bill and by the eleventh paragraph of the answer alleged as follows:

"Further answering the allegations of said bill, these defendants say: That at the time the paving was laid, and at the time of classifying the plaintiff's property as subject to the paving tax imposed by Chapter 688, Act of 1912, that none of the plaintiff's property condemned for use as a public highway had been acquired by the city; but the property had been condemned and the city's appeal had been heard and determined in the Baltimore City Court. That prior to the pay-

ment of the amount awarded to the plaintiff in that
appeal, the latter had appealed to the Court of Appeals of Maryland. That the paving had been completed by the city while said appeal was pending.
Subsequently the decision was reversed and the case
remanded. Upon a second trial the land was condemned and the amount paid to the plaintiff, who delivered a deed to the city dated the 17th of May, 1917,
which deed has been duly recorded among the Land
Records of Baltimore City, in Liber C. L. No. 3129,
folio 175. So that, the land is now part of the public
highways of Baltimore City and subject to the paving tax."

And prayed that a decree should be passed confined wholly
to the classification made before the property became a public
street of Baltimore.

At this hearing the case was heard on bill and answer, by
which method the result was, that the plaintiff admitted the
truth of all matters stated in the answer, which were susceptible of proof by legitimate evidence. *McKaig* v. *James,*
66 Md. 583; *Miller's Equity Procedure,* sec. 255.

The Court decreed that the classification and listing for
taxes, for the year 1916 and subsequent years, of the property mentioned in the bill was null and void; perpetually
enjoined the City Collector from collecting any assessment
thereto levied growing out of the said classifying and listing
for taxes; and further perpetually enjoined the Appeal Tax
Court of Baltimore City from hereafter classifying and listing for taxes, the property mentioned, under the Act of 1912,
Chapter 688, Revised Charter, page 525. It is to this last
injunction in the decree of which the appellants complain.

It is thus seen, that we are now approaching this case from
an entirely opposite view than that when it was previously
here upon demurrer, when for the purpose of the appeal the
allegations of the bill were taken as true, whereas now they
are to be taken, when denied, as untrue.

The Act of 1912 provides among other things:

"Section 1. That there is hereby levied and imposed upon property in the City of Baltimore specially bene-fited by improved paving (said property being here-inbelow specified), a special paving tax of the amount hereinbelow specified, said tax to continue as to each property for ten years from the time it attaches there-to, and the entire proceeds thereof to be used for improved paving in Baltimore City, as hereinbelow provided.

"Section 2. That for the purposes of this Act all landed property in Baltimore City adjoining or abut-ting upon any public highway which has been or shall hereafter be paved with improved paving without spe-cial assessment of any part of the cost upon the abut-ting or adjoining property owners by the City of Balti-more or the State Roads Commission, or other public commission or agency, or by said city, and such com-mission or agency, or by either or both, and any rail-road or railway company occupying with tracks a por-tion of such highway, is hereby declared to be spe-cially benefited by such improved paving to an extent greater than the entire amount of the special tax here-by levied thereon. Said property so benefited is here-by divided into three classes, to be designated as Classes A, B and C." * * * "The Appeal Tax Court of Baltimore is hereby authorized and directed to pro-ceed forthwith to classify and list for taxes as provided by this Act for the year 1913 all landed property in the City of Baltimore which on the first day of No-vember, 1912, was in the situation to come under the requirements of either of said classes; and therefore on the first day of November of every year, and as soon thereafter as may conveniently be done, they shall add to said lists all landed property which during the pre-ceding year shall have come under either of said classes. The said court may classify property under this Act as soon as it meets the requirements thereof, but the special paving tax thereon shall not attach until the year following such classification."

We are of the opinion that, when the Act expressly said: "The said Court may classify property under this Act as soon as it meets the requirements thereof, but the special paving tax thereon shall not attach until the year following such classification," the inquiry should be do the facts of this case show whether the requirements of the Act have been met? And we think it is immaterial for the purposes of an answer, to know whether or not the city had acquired the title before or after the paving was done. What are the stated requirements? (*a*) Is it property benefited under section 1? (*b*) Is it landed property? (*c*) Does it abut upon a public highway? (*d*) Has the public highway been paved by the city with improved paving without special assessment of any part of the cost thereof upon the abutting property? There can not be any doubt, but that the answers to all the requirements must be in the affirmation.

Of course the title to the property must be acquired before it comes under the operation of the Act; and it was this very fault, that is the city never acquired the title, that distinguished this case from the *Mayor, et al.,* v. *Hook,* 62 Md. 371, so much relied upon by the appellee. For it is one of the admitted facts that the city has acquired the title from the owner.

We therefore are of the opinion that there was error committed in decreeing that the appellants should be perpetually enjoined from classifying and listing for taxes the said property since it had at the time of the decree met all of the requirements provided by the Act and Ordinance.

> *Decree reversed and cause remanded for proceedings in conformity with this opinion, with costs to the appellants.*